1          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF FLORIDA
2                 MIAMI DIVISION

3   UNITED STATES OF AMERICA,      )
                                   )
4            Plaintiff,            )         Case Number
                                   )
5                v.                )    1:17-cr-20215-RNS-2
                                   )
6   RENATO J. RODRIGUEZ,           )
                                   )
7            Defendant.            )
    _____)

8

9

             Transcript of the sentencing hearing
10
         before the Honorable Robert N. Scola, Jr.
11
             January 31, 2018; 9:33 a.m.
12
                    Miami, Florida
13

14
    Appearances:
15
    For the Plaintiff: FRANCISCO RAUL MADERAL , JR.
16                     Assistant U.S. Attorney
                       99 Northeast 4th Street
17                     Miami, Florida  33132-2111

18
    For the Defendant: SABRINA PUGLISI, ESQ.
19                     40 NW 3rd Street, Penthouse 1
                       Miami, Florida  33128
20

21
        Proceedings recorded by mechanical stenography,
22  transcript produced by computer.

23  _____

              Diane Peede, RMR, CRR, CRC
24          Federal Official Court Reporter
          75 Ted Turner Drive, SW, Suite 2194
25              Atlanta, Georgia  30303

```
 1                    P R O C E E D I N G S
 2              (Call to the order of the Court.)
 3              THE COURT:  All right.  Our first matter this
 4    morning is United States of America versus Renato J.
 5    Rodriguez.
 6              Who's here on behalf of the government?
 7              MR. MADERAL:  Good morning, Your Honor.  Frank
 8    Maderal on behalf of the United States.
 9              THE COURT:  Good morning.
10              MS. PUGLISI:  Good morning.  Sabrina Puglisi on
11    behalf of Renato Rodriguez, who is present before the Court.
12              THE COURT:  All right.  Good morning.
13              Good morning, Mr. Rodriguez.
14              THE DEFENDANT:  Good morning.
15              THE PROBATION OFFICER:  Good morning, Your Honor.
16    Alex Seraphin on behalf of probation.
17              THE COURT:  All right.  Good morning.
18              This matter is set for sentencing this morning.
19    Are both sides prepared to go forward with the sentencing?
20              MR. MADERAL:  The government is, Your Honor.
21              MS. PUGLISI:  Yes, Your Honor.
22              THE COURT:  All right.  Has each side received and
23    reviewed the Presentence Investigation Report as well as the
24    addendum to the report?
25              MR. MADERAL:  The government has, Your Honor.
```

1    MS. PUGLISI:  Yes, Your Honor, and I have reviewed
2    them with my client.
3    THE COURT:  All right.
4    And, Mr. Rodriguez, have you gone over the report
5    and the addendum with your attorney?
6    THE DEFENDANT:  Yes, Your Honor.
7    THE COURT:  All right.
8    Does either side have any objections to the report?
9    MR. MADERAL:  The government does not, Your Honor.
10   MS. PUGLISI:  No, Your Honor, the defense does not.
11   THE COURT:  All right.  So since there are no
12   objections, I find that the base offense level is a level 38,
13   based upon the amount of the laundered funds in the case
14   being in excess of $550 million.  There's a four-level
15   increase because the defendant was in the business of
16   laundering funds.  That gives an adjusted offense level of
17   42, minus two for acceptance of responsibility, minus an
18   additional one for early acceptance.  So the total offense
19   level is a level 39.
20   He has no prior criminal history.  So that puts him
21   in criminal history category I.  So ordinarily that would be
22   an advisory guideline range of 262 to 327 months.
23   However, based upon the offense of conviction, the
24   statutory maximum is 120 months, which means the guideline
25   range is 120 months.

1    So based upon the advisory guideline range as well

2  as the other 18, United States Code, Section 3553(a) factors,

3  what is the government's position as to an appropriate

4  sentence for Mr. Rodriguez?

5    MR. MADERAL:  Your Honor, the government's

6  position, in a nutshell, is the guideline advisory sentence

7  of ten years.

8    In support of that position, I'd like to echo some

9  of the facts that we've already discussed in the prior

10  sentencing, which is the seriousness of the offense, the

11  amount of laundered -- the amount of gold that was laundered

12  in excess of a billion dollars, we're blowing past 2B1.1, the

13  high end of the guideline, the collateral consequences of the

14  conduct, both in Latin America, the environmental effects,

15  the human effects, the way in which this would promote other

16  serious criminal activities.

17    So I think this is a very important case.  I think

18  it is necessary to send a message.  It is necessary to --

19  that the sentence reflect the seriousness of the conduct.

20    I do realize and it is the position of the United

21  States that these aren't the only individuals involved.  They

22  are by no means solely responsible for this huge problem that

23  we're having in Latin America and here in Miami.

24    I think that fact is accounted for with the way

25  that the plea was structured, with a ten-year cap.  I think

1    that is a -- it was a very fair way to structure the plea.

2    Notwithstanding the very high guidelines, I think the ten

3    years is appropriate.

4          In terms of Mr. Rodriguez's role, I do agree as a

5    factual matter that there is a bit of a distinction with Mr.

6    Rodriguez vis-à-vis his co-conspirators, convicted

7    co-conspirators.  And one of the things that strikes me as

8    different is although ultimately he was completely involved

9    in this conspiracy and although ultimately I don't think he

10   qualified for any role adjustment over the -- under the

11   guidelines, and he didn't, I think that -- I do think that he

12   strikes me as someone who sort of became incrementally

13   involved in this, maybe a little less deliberately and a

14   little bit less proactively than his co-conspirators.

15         I'm not sure what that's worth at the end of the

16   day.  I don't think that that necessarily entitles him to the

17   variance he's asking for, but it is a fact.  I do think

18   that's correct.

19         I do think ultimately, though, he was -- however he

20   got there, less intentionally, perhaps, he ultimately was a

21   member of this conspiracy, full blown.

22         In terms of the disparity, ten years is going to be

23   a disparity.  Ninety percent of that is just because he's not

24   getting a 5K in this case.  And he's not getting a 5K in this

25   case, I think, for a very straightforward and fair reason,

1    and that is he didn't agree to cooperate first.  He was the

2    last one to join, and he -- the decision to plea, and he

3    decided to plea only after his co-defendants agreed to accept

4    responsibility and cooperate against him.  So that's why the

5    government is not moving for a 5K right now as to Mr.

6    Rodriguez, and I think that disparity is warranted.  I think

7    we need to reward those people who come in first.

8         That said, without getting into the details, I do

9    expect and I do think that ultimately we may be back here and

10   Mr. Rodriguez will find a way to sort of catch up to his

11   co-defendants, but we're not there now and we're not -- in

12   terms of what he did in this case, he's not on an equal

13   footing in terms of cooperation in this particular

14   prosecution.

15        I know Your Honor was interested the last time in

16   forfeiture.  I believe there was a $640,000 forfeiture

17   judgment as to Mr. Rodriguez.  He has provided us today with

18   a roughly $80,000 check, which is the liquidation value, less

19   taxes, from a retirement account, which wasn't traceable

20   proceeds, but which we believe we would have been able to

21   forfeit.  But nonetheless, Mr. Rodriguez did cooperate in

22   that and has provided us today with that $80,000 check.  So

23   that is something.

24        That's pretty much it, Your Honor, unless you have

25   any further questions from the government.

1          THE COURT:  All right.  Thank you.

2          And, Ms. Puglisi, what is the defense position is

3     an appropriate sentence?

4          MS. PUGLISI:  Thank you, Judge.  I would just add a

5     couple of things to my pleadings, which I think I laid out

6     everything, hopefully succinctly.  But I just wanted to add

7     with respect to the forfeiture, just to give the Court the

8     exact numbers, because at the time when I wrote the motion, I

9     had put that because I believed it was approximately $13,000

10    in his 401(k) that he is giving up, and the exact numbers,

11    which I received yesterday from the prosecutor, were

12    $21,618.57.

13         So that 21,000 in addition to the $86,474 that

14    comes from his HSBC pension is a total of $107,988.49, with

15    an additional $21,618 going to the I.R.S. for the taxes.

16         And, actually, I have to correct that because the

17    401(k) number is $21,514 and then the I.R.S. received

18    $21,618, which was the taxes taken right off of the pension.

19    So I just wanted to correct that for the record.

20         And the one thing I also didn't mention that I was

21    thinking about yesterday as I was preparing was the Rodriguez

22    case, United States versus Rodriguez, a 1995 case.  The Court

23    is probably familiar.  I have a copy for the Court if you

24    would like to see it.  But it basically stands for the

25    proposition that the Court has discretion in awarding a

1  departure for acceptance of responsibility where an

2  acceptance of responsibility is basically ineffectual because

3  the statutory maximum is lower than the actual guideline

4  would be.  So this Court has discretion.

5          At 121 months, Judge, that's a level 32 at the

6  bottom, 121.  If you subtract three levels from there, taking

7  you to a level 29, that puts the guideline range at 87 to 108

8  months.  So I just wanted to throw that in there for the

9  Court's consideration, in addition to the disparity and other

10  factors I presented.

11          And as the Court can see, obviously, Mr. Rodriguez

12  has very strong family and friends who are here in support of

13  him.  I submitted numerous letters on his behalf.  His wife

14  is here.  His twin daughters are here.  His mother, brothers,

15  sister, and many friends.

16          I would just like to read one letter, Judge, his

17  mother wrote.  I just got it.  So I wasn't able to include

18  it, but it is from his mother.  And it just says, "My name is

19  Balbina Rodriguez.  I'm the mother of Renato Rodriguez.  I

20  have four children, and Renato is the youngest.

21          "My husband passed away five years ago this past

22  Sunday, after 49 years of marriage.  Ever since that day, my

23  four children have been taking care of me and have looked

24  after me in every way.  I've always said the best thing that

25  my husband left me were our four children.

1          "Renato has always been a good young man and an

2     excellent husband and father, which I believe is an example

3     that he received from his late father.

4          "Since Renato was a young boy, he's always been

5     very caring, which has proven to remain with him in

6     adulthood.  He cares for his family, all of his family.

7          "Please have mercy on my son."

8          This is one of those sad situations, Judge, where

9     an individual, you know, went along with something slowly but

10    eventually it snowballed, and he should have said no and he

11    didn't and, obviously, he will forever regret that.

12         He is trying to make amends by cooperating with the

13    government, to help them in whatever way that he can, and we

14    are hopeful that we'll be able to return here in the future

15    for a further reduction.

16         But at this time, Judge, we are asking that --

17    based upon all those factors that I've already mentioned and

18    have laid out in my papers, I'm asking for a downward

19    variance in this case from the 120 months.

20         Mr. Rodriguez would like to say something, Judge.

21         THE COURT:  All right.

22         Mr. Rodriguez, you have the right to make a

23    statement to me before I impose sentence.  You don't have to

24    say anything, but if you would like to say something, this is

25    your chance.

1    THE DEFENDANT:  I just wanted to say how sorry I am

2  for what I've done to my family over the last nine months.

3  It's been the hardest thing that my family and I have been

4  enduring.

5    I love my family very much and I -- I teach my

6  daughters to always do right by everyone.  I learned from my

7  father on how to be a good man, how to be a good husband, and

8  how to be a good brother and friend.

9    And I just want to say how sorry I am.

10    THE COURT:  All right.  Thank you.

11    All right.  The Court has considered the statements

12  of the parties, the Presentence Investigation Report, as well

13  as the statutory factors set forth in 18, United States Code,

14  Section 3553(a).

15    Having previously determined that the total offense

16  level is level 39 with a criminal history category I and an

17  advisory guideline range of 120 months, I first find the

18  defendant is not able to pay a fine.  So I will not impose a

19  fine.

20    And as a starting point, it is important to note

21  that this is an extremely serious offense.  The offense of

22  conviction may be money laundering, but the activities that

23  led to this led to the destruction and deforestation of rain

24  forests, the poisoning of rivers and waters, the poisoning of

25  workers and people who live in the vicinity, and other

1  societal damage done in the South and Central American --

2  South American countries.

3          Whenever I'm imposing a sentence to anybody, I try

4  and measure the harm or potential harm that was caused by the

5  defendant, by his criminal conduct, and then see what has the

6  defendant done to try and mitigate that harm.

7          I also have to consider the role in the offense,

8  the sentences of any other co-conspirators and where Mr.

9  Rodriguez fits in.  And as the prosecutor pointed out, he did

10  have somewhat of a lesser role in the conspiracy than the two

11  people who were already sentenced.  He's not equally situated

12  to them otherwise because they provided early cooperation.

13          So I have to consider, in imposing a sentence, that

14  there aren't unwarranted sentencing disparities.  There can

15  be disparities, but they can't be unwarranted.

16          I do believe the fact that he has provided truthful

17  cooperation, even though not as early as his co-conspirators,

18  shows extraordinary remorse and makes it less likely that he

19  will re-offend.  I also think the fact that he's made

20  voluntary payments of $107,000 is worthy of consideration.

21  And the fact he has strong support in the community also

22  makes it less likely he'll re-offend when he finishes his

23  sentence.

24          Even though the guideline range is 120 months,

25  that's really because of the excellent work of his attorney,

1    who by structuring the plea to this count, the real guideline

2    range, the bottom of the guideline range is 22 years.  So

3    he's already getting a twelve-year reduction just by the way

4    the Plea Agreement was structured.

5            So in light of all of those circumstances, it's the

6    judgment of the Court that the defendant is committed to the

7    Bureau of Prisons to be imprisoned for 90 months as to Count

8    One.

9            Upon release from imprisonment he'll be placed on

10   supervised release for two years.  Within 72 hours of

11   release, he will report in person to the probation office in

12   the district where released.

13           While on supervised release, in addition to the

14   standard and statutory conditions of supervised release, the

15   following special conditions will apply:  Substance abuse

16   treatment, financial disclosure requirement, related concern

17   restriction, no new debt restriction, self-employment

18   restriction, and the unpaid fines, restitution or special

19   assessment condition, each of which are more specifically

20   noted in Part G of the Presentence Report.

21           The defendant must also pay a special assessment of

22   $100 to the United States, payable immediately.

23           So the total sentence is 90 months in prison, two

24   years' supervised release, and a $100 special assessment.

25           I'm also going to order forfeiture of the

1    defendant's right, title and interest to the property

2    identified in the preliminary order of forfeiture, which is

3    at Docket Entry 107, and that order will be incorporated by

4    reference into the final judgment.

5          I will recommend that Mr. Rodriguez be allowed to

6    participate in a 500-hour residential drug and alcohol

7    program while he's incarcerated, if he otherwise qualifies;

8    and I will allow him to voluntarily surrender to his

9    designated institution on April 13th, 2018, at noon.

10         If for any reason he hadn't received his

11   designation by that date and time, he will report to the

12   U.S. Marshals at 301 North Miami Avenue on the same date and

13   time to surrender.

14         Now that sentence has been imposed, does the

15   defendant or his counsel object to the Court's finding of

16   fact, the manner in which sentence was pronounced, or any of

17   the Court's rulings?

18         MS. PUGLISI:  No, Your Honor, just a recommendation

19   that he serve his sentence at F.C.I. Miami or as close as

20   possible to Miami.

21         THE COURT:  All right.

22         I will recommend he be allowed to serve his

23   sentence at F.C.I. Miami or as close to Miami as possible.

24         Mr. Rodriguez, you have the right to appeal the

25   sentence that was just imposed.  However, any notice of

appeal must be filed within 14 days after entry of the
judgment.

        If you are unable to pay the cost of an appeal, you
may apply for leave to appeal in forma pauperis, which means
you can appeal without prepaying any fees or costs.

        Is there anything further from either the
government or the defense?

        MR. MADERAL:  Nothing from the government, Your
Honor.  Thank you.

        MS. PUGLISI:  No.  Thank you, Your Honor.

        THE COURT:  All right.

        Good luck to you, Mr. Rodriguez.

        Wait one second.

        (Discussion off the record between the Court and
the courtroom deputy.)

        THE COURT:  Are there other counts that the
government had agreed to dismiss as a part of the plea?

        MR. MADERAL:  Yes, Your Honor.  At this time, the
government would move to dismiss all remaining counts as to
all defendants.

        THE COURT:  Okay.

        So I'll grant the government's motion, and then any
remaining counts will be dismissed as to all three
defendants.

        All right.  Thank you.

1          MS. PUGLISI:  Thank you.

2          (Proceedings adjourned at 9:52 a.m.)

3                    - - - - - - - -

4                Reporter's Certification

5   I certify that the foregoing is a correct transcript from the

6   record of proceedings in the above-entitled matter.

7                              s/Diane Peede, RMR, CRR, CRC
                               Official Court Reporter
8                              United States District Court
    Date:  May 22, 2019        Northern District of Georgia
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25