United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Case No. 17-20215-CR-Scola |
| | ) | |
| Renato J. Rodriguez, | ) | |
| Defendant. | ) | |

### Order Denying the Defendant's Second Amended Motion for Compassionate Release

This matter is before the Court upon Defendant Renato J. Rodriguez's second amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** Rodriguez's motion (**ECF No. 185**).

Rodriguez pleaded guilty to a single count, charging him with participating in a conspiracy to commit money laundering which involved facilitating sending billions of dollars from the United States to Latin America in order to promote illegal gold mining, gold smuggling, and narcotics trafficking. (Govt.'s Resp., ECF No 187, 1–2.) Rodriguez's applicable sentencing range was effectively 120 months' incarceration, as he faced a ten-year statutory maximum sentence. (*Id.* at 2.) Considering the factors under § 3553, however, the Court sentenced Rodriguez to ninety months. (*Id.*) Later, the Court resentenced him to sixty-five months, under Rule 35. (*Id.*) Rodriguez has been in custody since June 8, 2018, thus serving approximately twenty-seven months in custody. (*Id.*) He is scheduled to be released on January 17, 2022. It appears, then, Rodriguez has, thus far, served less than half his sentence.

Rodriguez argues he is entitled to compassionate release because he has an elevated chance of contracting COVID-19 while incarcerated. (Def.'s Mot. at 4.) While the Government does not dispute, and the Court agrees, that Rodriguez exhausted his administrative remedies, the Court does not find that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18

U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Rodriguez's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). Although the Court agrees that Rodriguez's release would not pose a danger to the community, he has not met his burden of showing that "extraordinary and compelling reasons" support a reduction in his sentence. This finding alone militates against granting Rodriguez's motion.

Courts have repeatedly held that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating a particular inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons." *See, e.g., United States v. Oreste*, Case No. 14-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.). Here, Rodriguez has not set forth any such serious medical condition that would increase his particular risks of serious illness—indeed, he has not set forth any medical condition whatsoever. Instead, he complains only about a generalized threat from the coronavirus, based on its mere existence and its possible spread to the facility where he is housed. This alone is insufficient to support a sentence reduction.

In the alternative, Rodriguez asks the Court to order the Bureau of Prisons to place him on home confinement. The Court is without authority to do so. Rather, such designation decisions are committed solely to BOP's discretion. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Therefore, the Court **denies** Rodriguez's motion for compassionate release (**ECF No. 185**).

**Done and ordered** in Miami, Florida, on October 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge